CARLIE CHRISTENSEN, United States Attorney (#633)
ERIC G. BENSON, Assistant United States Attorney (#10414)
Attorneys for the United States of America
185 South State Street, Suite 300
Salt Lake City, Utah  84111
eric.benson@usdoj.gov
Telephone:  (801) 524-5682   Fax: (801) 325-3357
_____

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION
_____

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.  2:10cr00669 DS |
| Plaintiff, | STATEMENT OF DISCOVERY POLICY AND INITIAL NOTIFICATION OF COMPLIANCE |
| vs. | |
| GOMER NUNEZ-MENDOZA, | JUDGE DAVID SAM |
| Defendant. | |

_____

The United States of America, through the undersigned, pursuant to DUCrimR 16-1(h), hereby files its notification of compliance and statement defining the protocol the government will follow in providing discovery in this case.

A. **Statement of Discovery Protocol**
   1.   The government will make copies of, or will make available for inspection, the following items as defined in Rule 16 of the Federal Rules of Criminal Procedure:
       a.   Statements of the defendant;

       b.   The prior record of the defendant;

       c.   Documents and tangible objects the government intends to use as evidence in its case in chief at the trial;

  d. Reports of examinations and tests the government intends to use as evidence in its case in chief at the trial;

  e. All tangible evidence, including documents, gathered by the investigating agencies, the United States Attorney's Office, and the grand jury from witnesses and potential witnesses during the investigation of this matter. Such items, including the controlled substances, may be inspected by counsel by contacting the U.S. Attorneys Office to facilitate such arrangements with the investigative agency;

  f. A written summary of the testimony of any experts the government intends to use a trial under Federal Rules of Evidence 702, 703 and 705; and

  g. All reports of witness interviews (e.g., FD-302, DEA-6 etc.) prepared by investigative agencies in their investigation of this case.

The above-described items will be made available to counsel as soon as practical after counsel has entered an appearance.

  2. Any document, tangible object, and report of examination and test which is material to the defense and not made available for inspection pursuant to paragraph 1 will be made available, if in existence and in possession of the United States, upon specific request by the defendant and upon a showing of materiality by the defendant. If the parties are unable to agree on whether any item is material, the issue will be presented to the Court.

  3. This statement of policy eliminates the need for the defendant to make a written request for material discoverable pursuant to Rule 16 of the Federal Rules of Criminal Procedure, subject to the limitations listed above. This statement also eliminates the need for the defendant to make a written request for all Jencks Act material.

  4. This Statement constitutes a request by the government for disclosure of evidence by the defendant (also known as reciprocal discovery) pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure and DUCrimR 16-1(c). By following the discovery protocol above, the United States' "open-file" approach

invokes a reciprocal obligation on the defendant under DUCrimR 16-1(c), which states that the defendant must allow the government to inspect and to copy the following, as further defined in Rule 16 of the Federal Rules of Criminal Procedure:

      a.    Documents and tangible objects the defendant intends to introduce as evidence at trial;

      b.    Reports of examinations and tests the defendant intends to introduce at trial or that were prepared by a witness whom the defendant intends to call at trial; and

      c.    A written summary of the testimony of any expert the defendant intends to use a trial under Federal Rules of Evidence 702, 703 and 705.

This Statement constitutes a request by the United States that the defendant provide to the government at a reasonable time before trial, but no later than five working days before trial, copies of the material referenced in this paragraph and of all written and recorded statements by any witness other than the defendant whom the defendant intends to call at trial. Further, this Statement constitutes a request for continuing compliance with the reciprocal following the initial disclosure.

     5.    The United States discovery protocol does not include discovery of summaries of the case by investigating agents, attorney work product, the working notes of agents or attorneys, notes taken during pretrial interviews at which a prosecutor is present, material obtained for use as rebuttal evidence, or the grand jury testimony of law enforcement agents, except as required by Fed.R.Crim P. 16 and 26.2; the Jencks Act, 18 U.S.C. § 3500; and *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny.

     6.    The United States will furnish all exculpatory and impeaching material pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972) and their progeny.

     7.    The United States acknowledges its continuing obligation to provide discovery of newly obtained material under the terms of this Statement.

B. **Notification of Compliance**

The United States gives notice that the following is provided to counsel for the defendant, Kenneth L. Combs:

Discovery Bates #00001 - 00156, 00157, 00158, 00159, 00160, 00161, 00162, 00163, 00164

DATED this 5th day of August, 2010.

                                      CARLIE CHRISTENSEN
                                      United States Attorney


                                      /s/ Eric G. Benson
                                      ERIC G. BENSON
                                      Assistant United States Attorney